# EXHIBIT A

## to
## Notice of Removal

*Naabani Twin Starts, LLC, et al. v. Travelers Companies, Inc., et al.*
Case No.:

FILED IN MY OFFICE
DISTRICT COURT CLERK
7/11/2018 1:22 PM
WELDON J. NEFF
Susan Bengston

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT COURT

NAABANI TWIN STARS, LLC. and
TWIN STARS, LTD.

    Plaintiffs,

vs.                                                   Case No. D-1116-CV-2018-01183

TRAVELERS COMPANIES, INC. and
ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

    Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

Come now Naabani Twin Stars, LLC and Twin Stars, Ltd. for their complaint against Travelers Insurance Companies, Inc. ("Travelers") and St. Paul Fire and Marine Insurance Company ("St. Paul Insurance") state:

1.     Naabani Twin Stars, LLC is a New Mexico LLC ("Naabani") which is the successor in interest to Twin Stars, Ltd. ("Twin Stars"), a named insured under insurance policy number APP-11p77741-15-N4 (the "Policy"). Twin Stars, Ltd. joins in this action as Plaintiff to the extent any of its rights and claims were not transferred to Naabani Twin Stars, LLC. Twin Stars, Ltd. and Naabani Twin Stars, shall be collectively referred to as Plaintiffs.

2.     The policy was issued by St. Paul Insurance and was in effect from September 4, 2015 through September 4, 2016. A copy of the Policy will be served with the Complaint as Exhibit A.

3.     Travelers does business in New Mexico through its subsidiaries, including St. Paul Insurance.

4. Travelers is subject to the jurisdiction of this court.

5. St. Paul Insurance is a capital stock company based in St. Paul, Minnesota.

6. St. Paul Insurance does business in New Mexico.

7. St. Paul Insurance is subject to the jurisdiction of this court.

Facts Applicable to All Claims

8. Plaintiff Naabani is the owner of real property improvements located at 100 Iowa, Bloomfield, NM 87413 (the "Property").

9. On or about July 17, 2016, an underground water pipe burst on the property.

10. The burst water pipe caused a collapse underneath the parking lot located on the property and caused land beneath the building located on the property to change its position which in turn caused the structure of the building to shift which caused severe damage to the building.

11. The insurance Policy covers damage to the building "caused by collapse when the collapse is caused by ... water damage ... ." Policy, p. 5.

12. "Collapse means an abrupt falling down or caving in of a building or structure, or any part of a building or structure, with the result that the building, or part of the building or structure, cannot be occupied for its intended purpose." Policy, p. 5.

13. The damage that resulted from the break in the water pipe was a caving in from water damage. "Water damage" is defined in the Policy as including "the accidental discharge or leakage of water...as the direct result of the breaking apart or cracking of any part of a system or appliance, other than a sump system, containing water or steam."

14. The shift in the building put pressure on the gas and sprinkler lines which made the portions of the building unusable for the intended purpose. Plaintiffs were required to turn off the gas lines to the entire building and to shut off fire prevention sprinkler lines to the building.

15. Because Plaintiffs were required to turn off the gas lines and shut fire prevention sprinkler lines, the building could not be occupied for its intended purpose.

16. The shift in the building caused cracking of the foundation, the floor, the floor tiles, ceiling tiles and walls. It also caused misalignment of door frames so that doors cannot be closed, buckling of metal panels, shifting of the building away from adjacent pavement, and related damage, rendering portions of the building unusable to their intended purpose.

17. The shift in the building caused the bathroom in the building to be unusable for its intended purpose

18. Within 30 days of the collapse, Plaintiffs submitted the claim ("Claim") for insurance benefits to St. Paul Insurance and Travelers.

19. St. Paul Insurance and Travelers denied that St. Paul had insured coverage of the loss by letter dated September 29, 2016.

20. The Defendants' denial of coverage was improper because Defendants did not do a proper investigation of the Claim. In fact, Defendants denied the claim on September 29, 2016 which is before their investigator's report (the "Travelers Report") was even finalized on October 11, 2016.

21. Instead of using the Travelers Report to evaluate whether the claim was covered by insurance, Travelers first concluded, sometime prior to September 29, 2016, that coverage should be denied. Once that conclusion was made, Travelers had the report finalized in a way that supported their foregone conclusion.

22. If Defendants had not already decided to deny coverage, and had instead obtained a thorough and fair investigation of the water leak and the resulting damages, Defendants would have concluded that coverage existed.

23. After receiving the denial of coverage, Plaintiffs requested Travelers reconsider its improper denial. Plaintiffs' counsel wrote to the Travelers adjuster with a thorough explanation of the reasons the loss is covered on November 1, 2016.

24. Since that time, Defendants have engaged in delaying tactics, apparently in the hope that Plaintiffs' right to file this action would expire while Defendants delayed.

25. Plaintiff's hired a consulting expert Robert Prindle ("Engineer Prindle") to determine the cause of the precipitous shift in the building and resulting damage. Plaintiff even paid to have Engineer Prindle attend a meeting with the interested parties where his investigation and conclusions could be presented, and where Engineer Prindle could answer questions. Plaintiff invited Travelers' Claim Professional who had denied the coverage to attend so that he could ask questions regarding the expert's conclusions, but Travelers declined.

26. The investigator who prepared the Travelers Report did attend the presentation made by Engineer Prindle. The presentation was held on February 27, 2018. After attending the presentation Travelers' investigator acknowledged that a portion of the damage was caused by the July 17, 2016 water leak. Despite that acknowledgment, Travelers has still refused to cover the loss.

27. Despite repeated requests that Travelers engage in meaningful negotiations to adjust this claim, Travelers has not done so.

28. Travelers delays are unreasonable, unjustified and have damaged Plaintiffs.

COUNT I-DECLARATORY JUDGMENT

29. There is an actual controversy between Plaintiffs and Defendants as to whether the losses sustained by Plaintiff are covered by the Policy.

30. Plaintiffs are interested in determining their rights under the Policy and therefore Plaintiffs have filed this action under §44-64-4, NMSA 1978 to obtain a declaration of their rights under the Policy.

WHEREFORE, Plaintiffs respectfully request that the court determine that the losses incurred by Plaintiffs as result of the water leak occurring July 17, 2016 are covered by the Policy, and to require the Defendants to pay such losses, plus the costs of this action and attorney fees incurred because of the Defendants failure to properly handle the claim initially.

## COUNT II-BAD FAITH

31. Defendants denied the claim before it had fully investigated the claim.

32. The investigation was done with the intention of finding reasons to exclude the claim.

33. Defendants have pretended to consider the claim while simply delaying adjustment of the claim.

34. Defendants have persisted in refusing to pay the claim even though their own investigator has acknowledged that some of the damages were caused by water damage.

35. Defendants have delayed processing this claim without any adequate reason.

36. Plaintiff has been damaged by the delay and denial of coverage in an amount to be proven at trial.

37. Defendants' actions were wanton and willful, and Plaintiff should be awarded punitive damages.

WHEREFORE, Plaintiff requests the court enter judgment for damages against Defendants for their bad faith conduct and for such other and further relief as the court deems appropriate.

## COUNT III-UNFAIR CLAIMS PRACTICES

38. Defendants are subject to the provisions of §59A-16-1 NMSA 1978, *et seq* (the "Act").

39. Defendants' conduct amounts to Unfair Claims Practices as defined in the Act and is therefore a violation of the Act.

40. §59A-16-1 NMSA 1978 provides a private right of action in favor of Plaintiff to recover damages, costs, and attorney fees caused by the violations of the Act.

41. Plaintiff has been damaged by the violations of the Act.

WHEREFORE, Plaintiff requests the court enter judgment for damages, costs, and attorney fees against Defendants for their violations of the Act, and for such other and further relief as the court deems appropriate.

SMIDT, REIST & KELEHER, P.C.

By: _____
William R. Keleher
Michael L. Carrico
Attorneys for Plaintiff
4811A Hardware Drive NE, Suite 4
Albuquerque, New Mexico 87109
(505) 830-2200
Attorney for Plaintiff
wkeleher@srklawnm.com